**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONALD M. HENRY, | : | Civil No. 02-1003 (JWB) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| TERRENCE MOORE, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    DONALD M. HENRY, #379468B
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065
    Petitioner Pro Se

    JOHN J. SCALITI, Assistant Prosecutor
    BERGEN COUNTY PROSECUTOR
    Bergen County Justice Center
    Hackensack, New Jersey 07065
    Attorney for Respondents

**CAVANAUGH**, District Judge

    Donald Henry filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey, Bergen County. Respondents filed an Answer seeking dismissal of the Petition on several grounds, including statute of limitations. For the reasons expressed below, the Court dismisses the Petition as untimely and declines to issue a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Bergen County, on September 29, 1989, after a jury found him guilty of knowing and purposeful murder, murder while committing a kidnaping, murder while committing a robbery, and two counts of possession of firearms for an unlawful purpose. The trial court merged the weapons violations and sentenced Petitioner to concurrent terms of life imprisonment with a 30-year period of parole ineligibility on the remaining convictions. Petitioner appealed, and on December 16, 1992, the Superior Court of New Jersey, Appellate Division, affirmed the convictions, but merged the felony murder convictions into the conviction for purposeful and knowing murder conviction and vacated the sentences for the felony murder convictions. State v. Henry, No. A-1705-89T4 slip op. (App. Div. Dec. 16, 2992). The Supreme Court of New Jersey denied certification on February 25, 1993.

According to the record, Petitioner filed a petition for post-conviction relief dated December 10, 1996, in the Law Division of the Superior Court of New Jersey. On May 18, 1998, the Law Division denied relief without an evidentiary hearing. By opinion filed January 8, 2001, the Appellate Division affirmed in all respects. On April 3, 2001, the Supreme Court of New Jersey denied certification. State v. Henry, 168 N.J. 290 (April 3, 2001) (table). Petitioner filed a second petition for post conviction relief in the Law Division on February 28, 2002.

On March 4, 2002, Petitioner executed the § 2254 Petition which is before this Court. The Clerk received the Petition on March 7, 2002. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive

Petition, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000). The Petition asserts four grounds, none of which raises a right newly recognized by the United States Supreme Court:

> Ground One: IT WAS ERROR TO DENY DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AS A RESULT OF AN UNLAWFUL ARREST.
>
> Ground Two: TRIAL COUNSEL WAS INEFFECTIVE IN NOT OBJECTING TO EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS.
>
> Ground Three: JURY INSTRUCTION RESPECTING RENUNCIATION OF CRIMINAL PURPOSE IMPERMISSIBLY SHIFTED THE BURDEN OF PROOF TO DEFENDANT IN VIOLATION OF THE FEDERAL AND STATE CONSTITUTIONS.
>
> Ground Four: TRIAL COUNSEL WAS INEFFECTIVE IN NOT OBJECTING TO THE GRAPHIC TESTIMONY OF DR. LANDHEIM, A MEDICAL EXAMINER.

(Pet. ¶ 12.A., 12.B., 12.C., 12.D.)

Respondents filed an Answer, arguing that the Petition should be dismissed as untimely and on the merits. Although the Court granted Petitioner's request for an extension of time to file a reply to the Answer, Petitioner did not file a reply.

## II. DISCUSSION

A. <u>Statute of Limitations</u>

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d); see also Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under certain circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. The one-year limitations period is subject to equitable tolling "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is appropriate

> only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (internal citations and alterations omitted); see also Merritt, 326 F.3d at 168.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Because Petitioner's direct appeal became final prior to the AEDPA, he had a one-year grace period to file his § 2254 Petition from April 24, 1996, through April 23, 1997. The limitations period ran from April 24, 1996, until Petitioner filed his first petition for post conviction relief on December 10, 1996, or for 230 days. It was tolled from December 10, 1996, until the New Jersey Supreme Court denied certification on April 3, 2001. The statute of limitations picked up again at day 231 on April 4, 2001, and ran for another 135 days until it expired on August 17, 2001.[1] Petitioner did not execute his § 2254 Petition until March 4, 2002, after the limitations period expired.

Although Respondents raised the statute of limitations in the Answer, Petitioner has not argued that the limitations period should be equitably tolled. The Court has reviewed the submissions of the parties and discerns no extraordinary circumstances warranting equitable tolling.[2] Because there are no extraordinary circumstances warranting equitable tolling, the Court

---

[1] Because the statute of limitations expired on August 17, 2001, the limitations period was not statutorily tolled when Petitioner filed his second petition for post conviction relief in the Law Division on February 28, 2002.

[2] The record includes a letter dated August 8, 1995, from David M. Russo, Executive Director of the Inmate Legal Association, to Public Defender Susan Reisner regarding Petitioner. The letter indicates that Petitioner filed an application with the Bergen County Public Defender's Office in 1993 seeking indigence status in support of the filing of a petition for post conviction relief and that Petitioner remained in touch with Mr. Albert C. Hendrickson of the Bergen County Public Defender's Office. The letter asks whether the Public Defender's Office has in fact filed a petition for post conviction relief on Petitioner's behalf and, if not, the letter asks if the Public Defender's Office will rectify the late filing. This letter does not indicate the existence of extraordinary circumstances warranting equitable tolling. In non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001); see also Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal
(continued...)

holds that the instant § 2254 Petition is barred by the one-year statute of limitations. Accordingly, the Court dismisses the Petition as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely and declines to issue a certificate of appealability.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

DATED: Oct 12, 2005

---

²(...continued)
habeas petition).